IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADAM SWISHER, on behalf of himself          :
and all others similarly situated,          :
                  Plaintiff,          :          1:09-cv-47
                         :
          v.          :          Hon. John E. Jones III
                         :
THE UNITED STATES OF AMERICA,          :
                 Defendants.          :

## MEMORANDUM AND ORDER

### November 18, 2009

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before the Court is the Motion to Dismiss (Doc. 20) filed on April

2e, 2009 by the Defendant United States of America.   The Motion  has been fully

briefed by the parties and is therefore ripe for our review.  For the reasons that

follow, the Motion shall be denied.

## I.     STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept

all factual allegations as true, construe the complaint in the light most favorable to

the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief."   *Phillips v. County of Allegheny*,

515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d

361, 374 n.7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a). Rule 8(a)(2) requires that a complaint contain

a short and plain statement of the claim showing that the pleader is entitled to

relief, "in order to give the defendant fair notice of what the claim is and the

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127

S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." *Id.* at 1965. A plaintiff

must make "a 'showing' rather than a blanket assertion of an entitlement to relief",

and "without some factual allegation in the complaint, a claimant cannot satisfy the

requirement that he or she provide not only 'fair notice,' but also the 'grounds' on

which the claim rests." *Phillips*, 515 F.3d at 232 (citing *Twombly*, 127 S. Ct. at

1965 n. 3). "[A] complaint must allege facts suggestive of [the proscribed]

conduct, and the "[f]actual allegations must be enough to raise a right to relief

above the speculative level." *Twombly*, 127 S. Ct. at 1965, 1969 n.8. Therefore,

"stating a claim requires a complaint with enough factual matter (taken as true) to

suggest the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.

Ct. at 1965 n. 3).

On the other hand, "a complaint may not be dismissed merely because it

appears unlikely that the plaintiff can prove those facts or will ultimately prevail on

the merits." *Id.* at 231 (citing *Twombly*, 127 S. Ct. 1964-65, 1969 n.8).  Rule 8

"does not impose a probability requirement at the pleading stage, but instead

simply calls for enough facts to raise a reasonable expectation that discovery will

reveal evidence of the necessary element." *Id.* at 234.

## II.    FACTUAL BACKGROUND

With these standards of review in mind, the following are the facts derived

from the Complaint for the purposes of the current Motion, accepting as true all

factual allegations and construing the complaint in the light most favorable to the

Plaintiff.  *Phillips*, 515 F.3d at 231; *Gould Elecs.*, 220 F.3d at 176.

Plaintiff Adam Swisher ("Plaintiff") paid for long-distance telephone service

from March 1, 2003 to July 31, 2006.  (Compl. 6).  Plaintiff's monthly telephone

bills included a three percent federal excise tax, which Plaintiff also paid.  (Compl.

7).

Long-distance carriers filed tax returns and paid the excise tax due on the

returns pursuant to 26 U.S.C. § 4252.  (Compl. 11(a)).  For many years, Section

4252 had authorized a tax upon long-distance telephone service that is billed according to distance and elapsed time of the call. (Compl. 11(a), 13). Over time, telephone companies changed their billing methods; by 2003, they no longer billed their long-distance customers' calls according to distance and elapsed time. (Compl. 14). This led various telephone customers to sue the United States, alleging that the three percent excise tax no longer applied. (Compl. 12). By early 2006, five Courts of Appeal agreed that the excise tax was no longer lawful for long-distance carriers that did not bill their long-distance customers' calls according to distance and elapsed time. (Compl. 13).

On May 25, 2006, the Internal Revenue Service ("IRS") conceded the tax was no longer lawful for long-distance carriers that did not bill their long-distance customers' calls according to distance and elapsed time, and issued Notice 2006-50. (Compl. 15, 16). Notice 2006-50 instructed those long-distance carriers to stop collecting the tax on August 1, 2006. (Compl. 16(e)).

Notice 2006-50 offered a procedure by which taxpayers could recover telephone excise taxes they had paid. The Notice Procedure provided that requests could be filed for refund of excise taxes wrongfully collected from March 1,2 003 through July 31, 2006. (Compl. 16( c)). The Notice Procedure further stated that the requests should be made on taxpayers' 2006 federal income tax returns.

(Compl. 16 (f and c)).  For individuals already filing a 2006 federal income tax return, the IRS included a line on the return to request a refund of the excise tax paid.  For those individuals who were not otherwise required to file a 2006 income tax return, the Notice Procedure created Form 1040EZ-T, on which taxpayers could request a refund.  (Compl. 16(f)).  Also, the Notice Procedure provided that if a tax payer did not want to substantiate his or her claim to the excise tax refund, he or she could file for a safe harbor amount without providing documentation. (Compl. 16(g -h)).

In January 2007, the IRS issued Notice 2007-11, which amplified and clarified the prior Notice.  (Compl. 17-18).  Notice 2007-11 set forth safe harbor amounts that ranged from $30 to $60 based on the number of dependents/exemptions in the taxpayer's household.  (Compl. 18(b)).  Under this Notice Procedure, taxpayers who wished to request more than the applicable safe harbor amount could file Form 8913 with their 2006 federal income tax returns. (Compl. 18(d)).

Plaintiff alleges that because the IRS failed to provide him and his potential fellow class members with reasonable notice of the availability of the excise tax refund that complies with due process, the number of non-tax return filers who actually claimed a refund was extremely low.  The Treasury Inspector General

reported that only 800,000 of the 10 to 30 million Non-Filers who were entitled to a refund actually filed the required special form 1040EZ-T to claim their refund. (Compl. 19-20).  Plaintiff did not file an administrative claim to recover the telephone excise tax nor did he request a refund under the Notice Procedure (Compl. 20).  Plaintiff alleges that the Government had the ability to readily identify the Non-Filers, and has demonstrated such ability with mailings made in connection with the Economic Stimulus Act.  (Compl. 22-25).

Plaintiff was not required to file a 2006 income tax return (Compl. 3-5). Plaintiff alleges that he and putative class members did not claim their refunds because they did not receive the constitutionally required notice that they were entitled to this refund, nor they informed that they were required to file a new special tax form in order to promptly be paid the refunds.  (Compl. 28-31). Plaintiff asserts a single claim for a violation of due process and seeks equitable relief that will require, *inter alia*, the Government to provide him and similarly situated Non-Filers with reasonable notice of their entitlement to a refund of the unlawfully collected excise tax, and of the special tax form needed to promptly obtain the refunds.

## III.   DISCUSSION

The Government moves for the dismissal of the Complaint on five separate

grounds. First, the Government asserts that Plaintiff has failed to state a claim upon which relief can be granted because Plaintiff has received all of the process he was due. Second, the Government argues that the Court lacks subject-matter jurisdiction over the Complaint because Plaintiff did not file an administrative claim for refund. Third is the assertion that the United States has not waived soverign immunity for this type of suit. For its fourth and fifth grounds, the United States argues that the relief sought by Plaintiff is barred by the Anti-Injunction Act ("AIA") and the Declaratory Judgment Act ("DJA").

1.   **Anti Injunction Act; Declaratory Judgment Act; Administrative Exhaustion; and Sovereign Immunity**

Following the release of Notice Procedure 2006-50, various lawsuits arose challenging the refund process. *See In Re Long-Distance Telephone Service Federal Excise Tax Refund Litication*, Docket No. 1798 (J.P.M.L. Dec. 28, 2006) (Transfer Order). The Multidistrict Litigation ("MDL") Panel centralized and transferred three district court cases into an MDL proceeding before the United States District Court for the District of Columbia. The instant action was initially transferred into the MDL proceeding, however, the transfer order was vacated.

In the MDL proceeding, the district court dismissed the cases after concluding the plaintiffs had failed to exhaust their administrative remedies for their refund claims and failed to state valid claims under federal law, including the

Administrative Procedure Act, 5 U.S.C. § 702 ("APA").  The district court further

ruled that the plaintiffs' claims for injunctive and declaratory relief were mooted

by the IRS's decision to discontinue the tax on time-based telephone charges.  *In re*

*Long-Distance Tel. Serv. Federal Excise Tax Refund Litigation*, 539 F. Supp. 2d

281, 287 (D.D.C. 2008).  The plaintiffs appealed the district court's dismissal of

their APA claims.

Although not binding on this Court, the decision by the United States Court

of Appeals for the District of Columbia Circuit in that appeal provides persuasive

reasoning that we shall adopt in the disposition of the Government's arguments

pertaining to the applicability of the Anti Injunction Act, the Declaratory Judgment

Act, exhaustion of administrative remedies and sovereign immunity to this case.

The AIA provides "no suit for the purpose of restraining the assessment or

collection of any tax shall be maintained in any court by any person, whether or not

such person is the person against whom such tax was assessed."  26 U.S.C. §

7421(a).  The DJA allows for declaratory relief, but specifically excludes federal

taxes from its reach.  28 U.S.C. § 2201(a).  The Court of Appeals' determination

that neither the AIA nor the DJA applied in *Long Distance Telephone* turned on the

fact that the suit was <u>not</u> a refund suit.  (Slip Op. 6-7).

Similarly here, Swisher does not seek a refund for the excise tax, he is

contesting that the pertinent notices ran afoul of appropriate due process.  Thus, the

relief sought by Swisher does not "seek to restrain the assessment or collection of

taxes, and the requested relief, if granted, could not result in impermissible

restraints."  Thus the AIA and DJA do not serve to bar Swisher's action.[1]

Likewise, the Government's argument that Swisher's "complaint is barred

because Plaintiff did not file an administrative refund claim," is unavailing.

Swisher, like the plaintiffs in *Long Distance Telephone*, "no longer seek[s] a

refund in this suit . . . They seek to challenge the procedural obstacles the IRS

inserted between the individual taxpayers and their right to file suit to recover

unlawfully collected taxes."  (Slip Op. at 7).  Like the D.C. Court of Appeals, we

shall reject the Government's argument that Swisher is required to exhaust

administrative remedies.

Additionally, the Government contends that Swisher's complaint should be

dismissed because the Government did not waive sovereign immunity. However,

and as noted in *Long Distance Telephone*, this Court's jurisdiction to hear an

action of this type lies in our federal question jurisdiction. (Slip Op. at 7, *quoting*

*Road Sprinkler Fitters Local Union 669 v. Herman*, 234 F. 3d 1316, 1319 (D.C.

---

[1] The AIA and the DJA are coterminous.  *Investment Annuity v. Blumenthal*, 609 F.2d 1, 4 (D.C. Cir. 1979).

Cir. 2000), *quoting* 28 U.S.C. § 1331 (Federal courts have jurisdiction over "all civil actions arising under the . . . laws of the United States.")).  To be sure, Plaintiff's claim is for a violation of due process, and thus the tax code's deprivation of jurisdiction over suits "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed," does not apply to the case *sub judice*.  (Slip. Op. at 7, *quoting* 26 U.S.C. § 7422(a)).  As discussed above, this lawsuit is <u>not</u> for a tax refund, thus the Government's sovereign immunity argument is inapposite.

**2.    Due Process Claim**

Remaining for our consideration on the instant Motion is the Government's argument that Swisher's due process claim fails to state a claim upon relief can be granted.  Specifically, the Government asserts that Swisher received all of the process he was due.  The Government contends that because the statutory refund scheme was legislative action, the Government needed to do no more than "enact and publish the law, and afford the citizenry a reasonable opportunity to familiarize itself with its terms and to comply."  *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982).  The Government also asserts that Notices 2006-50 and 2007-11are merely

IRS policy statements, thus whether Plaintiff received notice of them is "irrelevant."

As noted by the D.C. Circuit in *Long Distance Telephone*, "[t]o go the 'statutory' [refund] route . . . places taxpayers in a virtual house of mirrors," Slip Op. at 14, and stated that the Government's insistence that the plaintiffs could utilize the statutory refund scheme as opposed to the Notice Procedure was "just mean." *Id.* With regards to the Government's reliance that the Notice Procedure amounted to nothing more than a policy statement, the D.C. Circuit in *Long Distance Telephone* stated aptly:

> In sum, the IRS unlawfully expropriated billions of dollars from taxpayers, conceded the illegitimacy of its actions, and develped a mandatory process as the sole avenue by which the agency would consider refunding its ill-gotten gains. It cannot avoid judicial review of that process by simply designating it a policy statement. Notice 2006-50 constituted a final agency action that aggrieved taxpayers by hindering their access to court.

(Slip Op. at 19).

Based on this exposition on the Notice Procedure by our sister Circuit, we cannot make the conclusory determination that Swisher received "all the notice he was due." Thus, we shall deny the Government's Motion to Dismiss.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

11

1.      The United States' Motion to Dismiss Plaintiff's Complaint

        (Doc. 20) is **DENIED.**


                                        s/ John E. Jones III
                                        John E. Jones III
                                        United States District Judge