# Chimicles & Tikellis LLP
ATTORNEYS AT LAW

One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642.8500
Telecopier: (610) 649.3633
E-mail: Mail@Chimicles.com

Nicholas E. Chimicles
Pamela S. Tikellis *
Robert J. Kriner, Jr. *
Steven A. Schwartz
Kimberly Donaldson Smith
Joseph G. Sauder
Matthew D. Schelkopf
Kimberly Litman Kimmel
Timothy N. Mathews
A. Zachary Naylor *
Benjamin F. Johns
Alison R. Gabe
Scott M. Tucker *
Meghan A. Adams *
Tiffany J. Cramer *
Kimberly A. Evans

OF COUNSEL
Morris M. Shuster
Denise Davis Schwartzman
Anthony Allen Geyelin
David M. Maser

*Attorneys admitted to
Jurisdiction other than PA

Writer's Direct E-mail:
Nick@Chimicles.com

February 26, 2010
Filed via ECF

Honorable John E. Jones, III
United States District Court
   for the Middle District of Pennsylvania
Federal Building & U.S. Courthouse
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108

Re:   *Tech v. United States of America*,
      Docket No. 1:09-cv-00047 (JEJ)

Dear Judge Jones:

This letter is in response to the United States' February 25, 2010 letter to the Court ("U.S. Ltr.") regarding a discovery dispute. This is a putative class action lawsuit on behalf of Non-Filer taxpayers[1] who did not receive notice of their entitlement to a telephone tax refund that the government had improperly collected for many years, and which it had agreed to return to taxpayers through a refund program implemented in conjunction with income tax returns filed by taxpayers for 2006. There are between 9.2 million and 29.2 million putative Non-Filer class members.[2] This Court denied the government's motion to dismiss. *Swisher v. United States*, No. 1:09-cv-00047, 2009 U.S. Dist. LEXIS 119022 (M.D. Pa. Nov. 18, 2009).

---

1   Non-Filer taxpayers comprise persons who did not file a 2006 federal income tax return. *See* First Amended Complaint at ¶ 32. Many of these putative class members are low income persons, the elderly, and disabled individuals. *Id.* at ¶ 7.

2   *See* Plaintiff's Amended Complaint at ¶ 34.

WILMINGTON OFFICE
222 Delaware Avenue, Suite 1100
P.O. Box 1035
Wilmington, DE 19899
Telephone: (302) 656.2500
Telecopier: (302) 656.9053

Honorable John E. Jones, III
February 26, 2010
Page 2

### A.   Background.

This action was initially filed on behalf of Adam Swisher. Mr. Swisher is an honorably discharged Navy Seal who was injured in the line of duty. He did not file an income tax return for 2006 and did not receive notice of his entitlement to a refund of the telephone tax improperly collected by the government. Mr. Swisher informed us on or around December 29, 2009 that he no longer wished to participate in this action as a named plaintiff. His decision to withdraw from the case was made for reasons personal to Mr. Swisher and had nothing to do with either his standing to bring this suit or his status as a putative class member.[3] Our firm no longer represents Mr. Swisher.[4]

Upon learning that Mr. Swisher intended to withdraw from this action, we promptly alerted the government's counsel and sought their consent to our filing an amended complaint on behalf of a substitute plaintiff. The government unconditionally agreed to allow us to file an amended complaint on behalf of a new plaintiff, Brian Tech.[5] We filed the amended complaint on behalf of Mr. Tech on January 22, 2010, whereupon Mr. Swisher was withdrawn from this case as a named plaintiff. See Docket Entry No. 58, Plaintiff's Amended Complaint at 1, n.2. We served Mr. Tech's initial disclosures and discovery responses on February 17, and are in the process of scheduling his deposition.

### B.   Argument.

The government's request to seek discovery from Mr. Swisher should be denied. The government's sole professed reason for taking discovery of Mr. Swisher is "to test whether the named plaintiff Tech has

---

[3]   The government cites to this in its letter and does not challenge that representation.

[4]   We have provided Mr. Swisher with a copy of the government's February 25 letter to the Court, informed him of its intent to seek discovery from him, and suggested that he promptly bring it to the attention of his personal counsel.

[5]   Separately, the parties agreed to a revised briefing and discovery schedule, which the Court approved on January 25, 2010. See Docket Entry No. 60.

Honorable John E. Jones, III
February 26, 2010
Page 3

common factual and legal issues with, as well as claims and defenses typical of, other class members." U.S. Ltr. at 2. That justification is patently improper because it could be used to justify seeking discovery of every absent class member.[6] Courts have long recognized that "[i]ndividualized class member discovery thwarts the efficiencies of a class action and places 'undue burdens on the absent class members.'" *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, 2009 U.S. Dist. LEXIS 96790, *10-11 (N.D. Ga. Oct. 19, 2009) (*quoting Collins v. Int'l Dairy Queen*, 190 F.R.D. 629, 631 (M.D. Ga. 1999)). As such, it is "generally improper" under FED. R. CIV. P. 23 to "permit discovery directed towards absent or passive class members." *Id.* at *11 (citations omitted). See also, *In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. 209, 212 (M.D. Fla. 1993)("Absent a showing of such particularized need, the Court will not permit general discovery from passive class members."); *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995) ("Discovery of absent class members, while not forbidden, is rarely permitted").

In this case, in particular, taking discovery of any absent class member finds no traction on any rational or recognized ground. The discovery adduced to date demonstrates categorically that the IRS was fully aware of the Non-Filers as a discrete group comprising 10 to 30 million individuals who would be entitled to a refund. (See attached Ex. A at 6). The IRS was aware that notifying Non-Filers of their entitlement to the excise tax refund presented special challenges and

---

[6] It is well established in the Third Circuit that a single common factual or legal question is sufficient to satisfy Rule 23's commonality requirement. *See, e.g. Walter v. Palisades Collection, LLC.*, No. 06-378, 2010 U.S. Dist. LEXIS 7374, at *14 (E.D. Pa. Jan. 26, 2010) ("It is well-established in the Third Circuit that commonality does not require all caims and facts among class members be identical, rather a single common issue of law or fact shared by the named plaintiffs and the prospective class will suffice.") This is a minimal burden for Plaintiff to meet and undercuts the government's desire to embark on a fishing expedition to see how many common issue there may be between plaintiff Tech and any other class member, including Mr. Swisher. In addition, since this is not a FED. R. CIV. P. 23(b)(3) class, there is obviously no predominance requirement. *See, e.g., Agostino v. Quest Diagnostics Inc.*, 256 F.R.D. 437, 450 (D.N.J. 2009) ("Unlike certification pursuant to Rule 23(b)(3), there are no predominance or superiority requirements for Rule 23(b)(2) certification.").

Honorable John E. Jones, III
February 26, 2010
Page 4

required separate notification measures. (See, e.g., attached Ex. B). The IRS allocated a shockingly-inadequate $300,000 to notify the approximately 10 to 30 million Non-Filers of their entitlement to a refund. (See *Id.* at 4). The end result of these meager, virtually calculated-to-fail efforts was a refund claim rate of between 2.6% and 8% among Non-Filers. (See Ex. A at 6, n.5). How can the Government legitimately claim, given these facts that uniformly impacted all members of the putative class, that there can be anything even remotely relevant in discovery of Mr. Swisher that could possibly be relevant?[7]

The government relies on cases that involved circumstances and facts that simply do not exist here and, therefore, are readily distinguishable. *Transamerican Refining Corp. v. Dravo Corp.* involved a commercial dispute over specialty steel piping materials, and the putative class members were "companies who use specialty steel in designing and constructing nuclear power plants…" 139 F.R.D. 619, 620 (S.D.Tx. 1991). The defendant sought to serve interrogatories on class members, which sought information related to, *inter alia*, "whether they actually purchased specialty steel on a cost-plus basis" and the amounts of each purchase. *Id.* at 622. The court concluded that "some" limited discovery (not depositions) was appropriate and allowed the defendants to serve the discovery requests. *Id.* at 621-22.

Similarly, in *Mashek v. Silberstein*, 20 F.R.D. 421 (S.D.N.Y. 1957), a stockholders' derivative action, the complaint claimed that one of the plaintiffs was a shareholder at the time of the transaction at issue, but that plaintiff later admitted that he was not. *Id.* at 421. On the eve of the plaintiff's deposition (after he had been noticed for the deposition and it

---

[7] *Transamerican Refining Corp. v. Dravo Corp.* 139 F.R.D. 619 (S.D. Tx. 1991), cited by the government, recognized that the test for whether "interrogatories or document requests" can be served on absent class members is not whether the material sought may be relevant under Fed.R.Civ.P. 26. Instead, the test is more stringent, only allowing such discovery "(1) where the information requested is relevant to the decision of common questions, (2) when the discovery requests are tendered in good faith and are not unduly burdensome and (3) when the information is not available from the class representative parties." *Id.* At 621 (citing cases). As discussed below, the government fails to meet this standard here.

Honorable John E. Jones, III
February 26, 2010
Page 5

had been scheduled), he filed a motion to be dismissed from the case. *Id.* The defendants alleged that the motion was "not made in good faith," and that its sole purpose was to prevent an examination of the plaintiff "with respect to the circumstances surrounding the commencement of the present suit." *Id.* at 422. The court agreed and allowed him to be deposed. *Id.*

In the instant case, in contrast to the circumstances in Transamerican or Mashek, there is no question Mr. Swisher is a member of the putative class, received no notice of the IRS's refund program and did not recover a refund. The government does not even hint that there is a standing issue with respect to Mr. Swisher.

*Funke v. Life Financial Corp.*, No. 99-11877, 2003 WL 21182763 (S.D.N.Y. May 20, 2003) is also inapposite. When the plaintiff was still a named plaintiff, the plaintiff in that case had been ordered by the court to appear for his deposition. *Id.* at *1 (citing *Funke v. Life Financial Corp.*, No. 99-11877, 2003 WL 1787125 (S.D.N.Y. Apr. 3, 2003)). When he still failed to appear – and his counsel subsequently informed the court that he intended to withdraw – the court again ordered him to appear for his deposition.[8] The court concluded that it "does not intend to allow [plaintiff] to evade its order to appear for his deposition…" *Id.* at *2.

There are no comparable circumstances surrounding Mr. Swisher's withdrawal. Mr. Swisher's initial disclosures were timely made. His deposition was not noticed or scheduled. He had not even seen the government's interrogatories or document requests when he notified my firm of his desire to withdraw as named plaintiff. (In any case, his responses to those discovery requests would have been extremely limited since in his personal possession, custody or control were virtually no relevant information or responsive documents).

In *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999 (7th Cir. 1971), the district court had certified a class and the defendants sought to serve interrogatories and document requests on class members. *Id.* at 1001. In preparing the case for trial, that court allowed the discovery to proceed. *Id.* at 1005. In affirming this decision, the Seventh Circuit

---

[8]   As the court stated, "[t]his is not the first time [plaintiff] has been at the center of controversy in this case." *Funke*, 2003 WL 21182763, at *1.

Honorable John E. Jones, III
February 26, 2010
Page 6

cautioned that this type of discovery should only be allowed where "necessary or helpful to the proper presentation and correct adjudication of the principal suit," and observed that "there is nothing in the record to suggest that the discovery procedures were used as a tactic to take undue advantage of the class members." *Id.* at 1005. Significantly, the court also remarked that plaintiffs' counsel had "admitted that the information sought by [defendant] was relevant to its claim that it was not liable to the class." *Id.* Shortly after it was issued, the *Brennan* decision was roundly criticized by a district court. *See Wainwright v. Kraftco Corp.*, 54 F.R.D. 532, 534 (N.D. Ga. 1972) ("The usefulness of Rule 23 would end if class members could be subjected to Rule 33 and forced to spend time, and perhaps engage legal counsel, to answer detailed interrogatories.").

### C. Application and Conclusion.

The government falls woefully short of articulating a "particularized need" that is required to permit such discovery from class members. *See In re Carbon Dioxide Indus. Antitrust Litig.*, 155 F.R.D. at 212. To the contrary, the only purpose of the government's request is to annoy and harass Mr. Swisher. Because the government has failed to meet its burden of overcoming the general presumption against allowing discovery from putative class members like Mr. Swisher, its request should be denied.

Respectfully submitted,

Nicholas E. Chimicles

NEC/klw
Enclosures

cc: All Counsel of Record (via ECF)